UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

**WILLIAM E HARDY AND SUSAN HARDY**                                          **CASE NO. 09-51121**

**DEBTOR(S)**

**DERMOT AND HILARY HALPIN**                                                  **PLAINTIFFS**

**VS.**                                                                       **ADV. NO. 09-5113**

**WILLIAM AND SUSAN HARDY**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter having come before the Court on the Defendants' William and Susan Hardy's Motion for Summary Judgment [Doc. 53] and the Plaintiffs' Dermot and Hilary Halpin's Motion for Summary Judgment [Doc. 55], and the Court having considered the arguments of counsel and being otherwise sufficiently advised, finds the following:

The Plaintiffs have moved for summary judgment on the issue of whether a debt owed to them by the Debtors by virtue of a "draft" state court judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(6). The Plaintiffs argue that the "draft" judgment in the matter styled *Dermot and Hilary Halpin v. Bill Hardy, Susan Hardy, and E. David Marshall*, Fayette Circuit Court, Fourth Division, Civil Action No. 03-CI-01249, collaterally estops the Debtors from re-litigating the issue of fraud. The "draft" judgment relied upon by the Plaintiffs is a result of several years of litigation in the underlying state court that, after two full jury trials, led to an award to the Plaintiffs for damages for a violation of the Kentucky Consumer Protection Act, including costs and attorneys fees, as well as damages for contempt and fraudulent

1

conveyance of a life insurance policy arising from the Debtors alleged efforts to avoid collection on the judgment for the violation of the Kentucky Consumer Protection Act and the Plaintiffs continued prosecution for satisfaction of the judgment. The Plaintiffs also argue that the undisputed facts are sufficient to show that the Debtors had an actual intent to defraud and an intent to commit a willful and malicious injury pursuant to sections 523(a)(2)(A) and 523(a)(6).

The Debtors have also filed a motion for summary judgment arguing that the Plaintiffs have failed to meet their burden of proof showing an intent to defraud or to cause willful and malicious injury under sections 523(a)(2)(A) and 523(a)(6) and any debt owed is dischargeable.

Shortly after extensive briefing of the issues raised on summary judgment, the Debtors filed a notice in the record of an August 30, 2010 letter from the presiding state court judge notifying the parties of a new "proposed" final judgment and an attached copy of the "proposed" final judgment [Docs. 68 and 70]. In her letter, the state court judge notified the parties that the "draft" judgment is moot pursuant to a recent mandate from the Kentucky Supreme Court in *E. David Marshall, et al. v. Hon. Pamela R. Goodwine, Judge, Fayette Circuit Court, and Dermot Halpin and Hilary Halpin*, Case No. 2009-SC-00495-MR, in which the Kentucky Supreme Court held that Judge Goodwine was without jurisdiction to hear the contempt proceedings. The application of the Kentucky Supreme Court judgment (which Judge Goodwine acknowledges in her letter is not final) to the "draft" judgment required a recalculation of award to the Plaintiffs, resulting, ironically, in a judgment whereby the Plaintiffs owe the Debtors a refund.[1] The parties have not supplemented the record of the adversary proceeding with a final judgment entered by the state court.

---

[1] The state court record, filed by the parties in the adversary proceeding, reflects that in 2006, the Debtors satisfied the original judgment entered against them in 2005 for the violation of the Kentucky Consumer Protection Act. This satisfaction occurred prior to a reversal of the 2005 judgment, the subsequent re-trial of the Kentucky Consumer Protection Act issue in 2009, and the state court's judgment on the issues of contempt and fraudulent conveyance in 2010. The "proposed" final judgment gives credit to the Debtors for this payment in its calculations and concludes that the Plaintiffs owe the Debtors $7,098.76.

A prior ruling will collaterally estop a party from re-litigating an issue on which it has already lost if: (1) the precise issue raised in the present case was raised and actually litigated in the prior proceeding; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See Kentucky League of Cities, Inc. v. General Reinsurance Corp.*, 174 F. Supp. 2d 532, 538 (W.D. Ky. 2001). To determine whether the resolution of a purportedly preclusive issue was sufficiently firm, the subsequent court should consider whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was, appealed. *Id.* at 539 (citing the Restatement (Second) of Judgments § 13). The "draft" judgment upon which the Plaintiffs rely has not been entered by the state court and in fact, has been amended by the "proposed" final judgment that, based on the record of this Court, has not yet been entered in the state court record. Furthermore, the "proposed" final judgment is based on an appeal before the Kentucky Supreme Court that is not final either, leaving open the possibility that the state court's judgment may be amended yet again. Thus, the Plaintiffs cannot rely on the "draft" or "proposed" final judgment as a final judgment on the merits and collateral estoppel may not apply.

Furthermore, to the extent that the parties argue that summary judgment is appropriate on both the Plaintiffs' counts under sections 523(a)(2)(A) and 523(a)(6), neither party may prevail. 11 U.S.C. § 523(a)(2)(A) states "a discharge under section 727...of this title does not discharge an individual debtor from any debt –

    (2)    for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by –

        (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...

To prevail, the Plaintiffs must prove (1) the Debtors obtained money through a material misrepresentation that at the time, the Debtors knew was false or made with close recklessness as to its truth; (2) the Debtors intended to deceive the Halpins; (3) the Halpins justifiably relied on the false representation; and (4) the Halpin's reliance was the approximate cause of its loss. *See Rembert v. AT&T Universal Card Services (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). The Plaintiffs must prove each of these elements by a preponderance of the evidence. *Id.*

Further, a debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) if it is incurred for "willful and malicious injury by the debtor to another entity or to the property of another entity." To prevail pursuant to section 523(a)(6), the Plaintiff must show that the Debtors "desire[d] to cause [the] consequences of [their actions], or...believe[d] that the consequences are substantially certain to result from them." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (1999) (quoting Restatement (Second) of Torts § 8A, at 15 (1964)). Non-dischargeability pursuant to section 523(a)(6) requires more than just an intentional decision but an intent to do harm. *Id.* at 463.

The Court finds the issue of whether the Defendants had an intent to defraud pursuant to 11 U.S.C. § 523(a)(2)(A) is a genuine issue of material fact that may not be resolved by summary judgment. *See Marohnic v. Walker*, 800 F.2d 613, 617 (6th Cir. 1986) ("[S]ummary judgment is particularly inappropriate when intent is at issue, because evidence of intent must generally be inferred from the surrounding facts and circumstances."). Furthermore, there remains a genuine issue of material fact as to whether the Debtors actually intended to cause injury to the Plaintiffs by their actions under section 523(a)(6).

Therefore, IT IS HEREBY ORDERED, that the Plaintiffs' Motion for Summary Judgment and the Defendants' Motion for Summary Judgment are DENIED. In addition, this adversary proceeding shall be held in ABEYANCE pending final resolution of the appeal *in E. David*

*Marshall, et al. v. Hon. Pamela R. Goodwine, Judge, Fayette Circuit Court, and Dermot Halpin and Hilary Halpin*, Case No. 2009-SC-00495-MR, before the Kentucky Supreme Court and entry of a final judgment on the merits by the Fayette Circuit Court.

Copies to:

Harold L. Kirtley, II, Esq.

Joe F. Childers, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Friday, March 18, 2011
(jms)**